**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.:** <u>1:22-MC-21664-XXX</u>X

In re Application of

     ITAÚ UNIBANCO S/A,

     Applicant,

Pursuant to 28 U.S.C. § 1782 for Judicial
Assistance in Obtaining Evidence for Use in
Foreign and International Proceedings Pending in
The Federative Republic of Brazil.
_____/

***EX PARTE* PETITION OF ITAÚ UNIBANCO S/A FOR JUDICIAL**
**ASSISTANCE IN AID OF FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782**

     ITAÚ UNIBANCO S/A ("<u>Itaú</u>") respectfully submits this *Ex Parte* Petition for Judicial

Assistance in Aid of Foreign Proceedings Pursuant to 28 U.S.C. § 1782 (the "<u>Petition</u>") and

requests the issuance of an order permitting Itaú to obtain documentary and testimonial discovery

from Martha L. Mendez, P.A. d/b/a Title Team (the "<u>Discovery Target</u>") for use in pending legal

proceedings in Brazil.  In support of this Petition, Itaú states as follows:

**FACTUAL BACKGROUND**

     1.     The facts relevant to this Petition are set forth below and in the accompanying

Declaration of Itaú's Brazilian attorney, David Pereira Cardoso, attached hereto as **Exhibit A** (the

"<u>Declaration</u>"). The facts stated in the Declaration are fully incorporated herein by reference and

provide a much more detailed background than the summary that follows below.

     2.     Between 2015 and 2020, Itaú, a Brazilian financial institution, entered into various

loan agreements, import credit agreements, and derivative contracts with a Brazilian company

named MapTrade Indústria e Comércio de Produtos Ltda. ("<u>MapTrade</u>").  Declaration ¶¶ 3, 14.

Those loan agreements, import credit agreements, and derivative contracts were personally guaranteed by MapTrade's shareholders, Mr. Ronaldo Gomes Guerra Barcellos and Mr. Marcelo Miranda Bittencourt ("Mr. Bittencourt") (MapTrade's shareholders together, the "Guarantors"). *Id.* ¶ 3.

3.      By March 2020, the loan agreements, import credit agreements, and derivative contracts were breached due to MapTrade's and the Guarantors' failure to pay the amounts owed to Itaú when they came due.  *Id.* ¶¶ 4, 14.  As of March 2020, Maptrade and its Guarantors owed Itaú over BRL 50 million Reais (approximately U.S. $10 million), leaving Itaú with no choice but to initiate legal action in Brazil to recover the significant debt.  *Id.* ¶ 4.

4.      Itaú filed two separate legal proceedings before the 15th Lower Civil Court of the City of São Paulo in the Federative Republic of Brazil (the "Brazilian Court") to enforce the various debts owed (together, the "Foreign Proceedings").  *Id.* ¶ 5.

5.      The first case, styled *Itaú Unibanco S/A v. MapTrade Indústria e Comércio de Produtos Ltda.*, Claim No. 1083075-13.2020.8.26.0100, was initiated on September 8, 2020, and seeks recovery of approximately BRL 48,642,131.34 Reais (adjusted debt calculated as of April 2022) resulting from the defaulted loan agreements, the defaulted import credit agreements, the defaulted derivative contracts, default interest, monetary adjustment, and attorney's fees (the "First Action").  *Id.* ¶¶ 5, 15.

6.      The second case, styled *Itaú Unibanco S/A v. MapTrade Indústria e Comércio de Produtos Ltda.*, Claim No. 1005186-46.2021.8.26.0100, was initiated on January 21, 2021, and seeks recovery of approximately BRL 6,263,111.07 Reais (adjusted debt calculated as of April 2022) resulting from the breach of additional derivative contracts, monetary adjustment, and attorney's fees (the "Second Action").  *Id.* ¶¶ 5, 19.

7. The same defendants are named in each of the Foreign Proceedings, namely, MapTrade, the Guarantors, and certain companies controlled by the Guarantors (*i.e.*, Maac Participações Ltda., Amca Participações Ltda., and Ramt Participações Ltda.) (collectively, the "Foreign Defendants"). *Id*. ¶ 7.

8. The Foreign Proceedings are on-going before the Brazilian Court and no final judgments have been entered to date. *Id*. ¶¶ 6, 22. In each of those proceedings, the Brazilian court has permitted Itaú to "reverse-pierce" the corporate veil among the Foreign Defendants. *Id*. ¶ 24. In other words, the Brazilian Court has determined that the Guarantors have abused corporate formalities and comingled funds and assets such that the companies they control should also be deemed liable for the debt owed to Itaú. *Id*. The Brazilian Court has allowed Itaú to look beyond the individual defendants to their corporations' assets.

9. Furthermore, in each of the Foreign Proceedings, the Brazilian Court has permitted Itaú to search for, identify, and have the Foreign Defendants' assets appraised in different jurisdictions. *Id*. ¶¶ 9, 25-26. Such information is key for uncovering potential fraudulent transfers or other efforts undertaken by the Foreign Defendants—in particular the individual Guarantors— to avoid paying the significant debt owed to Itaú by hiding assets outside of the jurisdiction of Brazilian courts. *Id.* ¶ 41.

10. Itaú's investigative efforts have uncovered that one of the Foreign Defendants, Mr. Bittencourt, may have significant liquid assets resulting from the sale of three real estate properties in Florida indirectly owned by him through Bittencourt, LLC, a Delaware entity which he solely owns. *Id.* ¶¶ 10-11, 27-35. In particular, Itaú has learned that Mr. Bittencourt, through Bittencourt LLC, recently sold three pieces of real estate in Florida in 2021, earning a combined sum of $1,313,000 (none had mortgages). *Id.* As relevant to this Petition, in December 2021, Bittencourt

LLC sold a condominium in Aventura, Florida, for upwards of $560,000.[1]  *Id*. ¶ 30.   Mr. Bittencourt has not disclosed those funds to the Brazilian Court, and it is unknown where the funds are being held currently.  *Id*. ¶¶ 11, 42.

11.     Thus, in order for Itaú to fully ascertain the pool of assets belonging to Mr. Bittencourt to so inform the Brazilian Court, Itaú hereby seeks discovery relating to the sale of the Aventura real estate property, including the disposition of the proceeds, which are believed to be controlled by Mr. Bittencourt.  *Id*. ¶¶ 12, 29, 40.  To that end, Itaú seeks assistance from this Court to obtain documentary and testimonial evidence (if necessary) from the title company that handled the sale of the Aventura property, namely the Discovery Target.  *Id*. ¶ 43.

12.     The Discovery Target is believed to have information indicative of where the funds from the sale of the Aventura property were deposited.  *Id*. ¶¶ 12, 37.  Itaú intends to use that discovery in the Foreign Proceedings to inform the Brazilian Court of Mr. Bittencourt's assets and to have them appraised for future attachment or garnishment.  *Id*. ¶ 40.

13.     Itaú proposes to serve the Discovery Target with a subpoena in a form substantially similar to that attached hereto as **Exhibit B**.  *Id*. ¶ 39.  As reflected in the proposed subpoena, the document requests and topics of examination for deposition are narrowly tailored to focus on gathering key information relating to where the proceeds of the sale have been deposited and may be found.  *Id*. ¶ 48.

---

[1]  Bittencourt LLC also sold two other real estate properties in Kissimmee, Florida in 2021. Declaration ¶¶ 33, 35.  Because those properties are located outside of this District, Itaú is filing a parallel Section 1782 petition in the Middle District of Florida to obtain discovery related to those sales.  *Id*. ¶ 38.

## JURISDICTION AND VENUE

14.     This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §

1782 as this is an application for discovery seeking the production of documents and testimony

located within this District by a party in proceedings currently taking place and pending before the

Brazilian Court for use in those foreign proceedings.

15.     The Discovery Target is located at 2600 S. Douglas Road, Suite 506, Coral Gables,

Florida 33134. *See* **Exhibit C**.

16.     Venue in this District is appropriate because the Discovery Target is found in this

District and the actual discovery sought also is located within this District.

## ARGUMENT

As detailed below, Itaú meets the statutory requirements of 28 U.S.C. § 1782, as well as

the discretionary factors discussed in the relevant case law.  Itaú thus respectfully requests that this

Petition for discovery be granted forthwith.

**I.      Standard for Granting Section 1782 Petition**

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to

provide federal-court assistance in gathering evidence for use in foreign tribunals."  *Intel Corp. v.*

*Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  "Congress substantially broadened the

scope of assistance federal courts could provide for foreign proceedings" pursuant to Section 1782

to include "documentary and other tangible evidence as well as testimony."  *Id.* at 247-48.

Indeed, the Eleventh Circuit repeatedly has recognized the liberal policy in favor of

granting petitions for judicial assistance under Section 1782.  *See*, *e.g.*, *Glock v. Glock, Inc.*, 797

F.3d 1002, 1007 (11th Cir. 2015) ("The current embodiment of the [Section 1782] law reflects the

policy choice to provide efficient means of assistance in our federal courts for litigants involved

in international litigation and to prompt foreign courts to follow our generous example and provide similar assistance to our court systems.") (quotations omitted); *In re Application of Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1269 (11th Cir. 2014) ("the history of Section 1782 reveals Congress' wish to *strengthen* the power of district courts to respond to requests for international assistance") (quotation omitted, emphasis in original); *In re Clerici*, 481 F.3d 1324, 1333 (11th Cir. 2007) (affirming order granting discovery under Section 1782 and citing Hans Smit, *American Assistance to Litigation in Foreign and International Tribunal: Section 1782 of Title 28 of the U.S.C. Revisited*, 25 Syracuse J. Int'l L. & Com. 1, 9 (1998) for the proposition that "[t]he purpose of Section 1782 is to liberalize the assistance given to foreign and international tribunals").

The statute reads, in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a) (2016).

Courts have distilled Section 1782's language into a two-part inquiry: first, whether a district court is authorized to grant relief under the statute; and second, whether the court should grant relief in its broad discretion. *Consorcio*, 747 F.3d at 1271; *Pons v. AMKE Registered Agents, LLC*, 835 F. App'x 465, 467-68 (11th Cir. 2020). A district court is authorized to grant relief when the following four statutory requirements are met: (1) the person from whom discovery is sought must reside or be found in the district in which the petition is filed; (2) the request must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing;" (3) the request must be made "by a foreign or international tribunal" or by "any interested person;" and (4) the evidence must be "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *In re Clerici*, 481 F.3d at 1331-32.

Once the district court has determined that it is authorized to grant relief by meeting the statutory elements, it is free to grant relief in its broad discretion. "In making its determination, district courts must exercise their discretion with an eye towards the statute's goals, i.e., providing efficient means of assistance to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re N. Am. Potash, Inc.*, No. 12-20637-CV-WILLIAMS/Tur, 2012 U.S. Dist. LEXIS 195703, at *1 (S.D. Fla. Nov. 19, 2012) (internal citation and quotation omitted), *report and recommendation adopted*, No. 12-20637-WILLIAMS, 2013 U.S. Dist. LEXIS 197945 (S.D. Fla. Mar. 13, 2013); *see In re Pimenta*, 942 F. Supp. 2d 1282, 1288 (S.D. Fla. 2013) (citing the same "twin aims of the statute"). "As a general matter, these considerations counsel heavily in favor of generous federal court assistance." *N. Am. Potash, Inc.*, 2012 U.S. Dist. LEXIS 195703, at *14.

The Supreme Court set forth various discretionary factors for courts' consideration in *Intel*:

> (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach" and therefore their evidence may be "unobtainable absent § 1782(a) aid;"
>
> (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"
>
> (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and
>
> (4) whether the § 1782(a) request is "unduly intrusive or burdensome."

542 U.S. at 264-65; *Consorcio*, 747 F.3d at 1272-73; *Pons*, 835 F. App'x at 467-68. All of the statutory and discretionary factors weigh in favor of granting this Petition.

Furthermore, a Section 1782 petition typically is presented and granted *ex parte* in this District, to allow the applicant to serve the discovery requests. At that point, the discovery target can respond to the discovery, including raising any objections. *See In re Clerici*, 481 F.3d at 1329 (describing the procedural history of the court's granting of the *ex parte* petition, the serving of request for deposition, and the deponent's motion in opposition to the deposition for the court's review).

## II.    Itaú's Petition Meets the Section 1782 Statutory Requirements for Relief

As shown below, all four statutory requirements for the granting of Section 1782 relief are easily satisfied here.

## A.      The Type of Discovery Sought Is Permissible

The type of discovery Itaú seeks in this Petition—documentary and testimonial, as reflected in the proposed subpoena attached as Exhibit B—is expressly permitted by the statute.  28 U.S.C. § 1782; *see In re Clerici*, 481 F.3d at 1336 ("Once discovery is authorized under § 1782, the federal discovery rules, Fed. R. Civ. P. 26-36, contain the relevant practices and procedures for the taking of testimony and the production of documents); *In re Setraco Nig. Ltd*., No. 3:13-mc-16-32MCR, 2013 U.S. Dist. LEXIS 56441, at *10 (M.D. Fla. Apr. 19, 2013) (granting petition seeking the production of documents and testimony).

Further, federal courts in Florida specifically have authorized Section 1782 discovery to discover assets for use in a foreign proceeding.  *See In re Fundo De Liquidação Financeira — Fundo De Investimento Em Direitos Creditórios Não Padronizado*, No. 8:21-mc-110-VMC-AAS, 2021 U.S. Dist. LEXIS 183013, at *4 (M.D. Fla. Sep. 23, 2021) (documents and communications regarding financial relationships, properties, and assets considered permissible evidence under § 1782); *In re Maria Fernanda Rigail Pons, No. 19-23236-MC-LENARD*, 2020 U.S. Dist. LEXIS 66824, at *2 (S.D. Fla. Apr. 13, 2020) (affirming grant of 1782 application for evidence regarding foreign marital assets that petitioner claimed her ex-husband concealed and did not disclose in the foreign proceeding). Thus, this initial Section 1782 element is easily met.

## B.      The Discovery Target and the Discovery Sought Are Found in this District

Next, there can be no debate that the Discovery Target resides in or is found in this District. Courts have held that a company or person "resides or is found in" this District if it transacts business in this District or has an office here, or if it may otherwise be served with a subpoena in this District.  *See Consorcio*, 747 F.3d at 1269 (it was undisputed that "JAS USA . . . has an office and does business in Miami and is therefore 'found in the district of the district court ruling on the

application for assistance'—namely, the Southern District of Florida."); *In re Godfrey*, No. 17-21631-CV, 2018 U.S. Dist. LEXIS 29794, at *1 (S.D. Fla. Feb. 22, 2018), *report and recommendation adopted sub nom. Ex parte in re Godfrey*, No. 17-21631-Civ, 2018 U.S. Dist. LEXIS 237977 (S.D. Fla. Mar. 15, 2018) ("tag jurisdiction" is sufficient to meet Section 1782 element, relying on *In re Edelman*, 295 F.3d 171, 180 (2d Cir. 2002), which holds "that if a person is served with a subpoena while physically present in the district . . . then for purposes of [Section] 1782(a), he is 'found' in that district").

According to the Florida Department of State's public records, the Discovery Target is located in this District. *See* Exhibit C; Declaration ¶ 31. Thus, the Discovery Target necessarily resides within this District for purposes of this Court's Section 1782 analysis.

### C.     The Discovery Sought Is for Use in Foreign Proceedings

The third statutory element also is easily met: the discovery sought by Itaú is for use in the Foreign Proceedings currently pending before the Brazilian Court. *See* Declaration ¶¶ 40-41. Pursuant to Brazilian civil procedure, it is Itaú's duty to search for and identify the Foreign Defendants' assets to satisfy the debt and to proceed with their attachment or garnishment. *Id*. ¶¶ 8-9, 25, 40. The discovery sought in this Petition is for that purpose and will be presented to the Brazilian Court in the Foreign Proceedings. *Id*. ¶¶ 12, 29, 40. *See Rothe v. Aballí*, No. 20-12543, 2021 U.S. App. LEXIS 29174, at *5 (11th Cir. Sep. 27, 2021) ("Section 1782 does not require that every document discovered be actually used in the foreign proceeding") (quoting *Weber v. Finker*, 554 F.3d 1379, 1385 (11th Cir. 2009)).

### D.     The Discovery Is Being Sought by an "Interested Person"

Finally, as a plaintiff in the Foreign Proceedings, Itaú is, by definition, an "interested person" for purposes of Section 1782 analysis. *See* Declaration ¶¶ 15, 19. There is "[n]o doubt

litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke [Section] 1782." *Intel*, 542 U.S. at 256; *Consorcio*, 747 F.3d at 1269 (undisputed that "[a]s a party to the dispute, [the Section 1782 applicant] plainly is an 'interested person'").

Itaú possesses a reasonable interest in obtaining judicial assistance from this Court in order to obtain discovery located in this District to support its task in the Foreign Proceedings of searching for, identifying, and informing the Brazilian Court of the Foreign Defendants' assets. Declaration ¶¶ 8-9, 40.  Again, this information is key for uncovering potential fraudulent transfers or other efforts undertaken by the Foreign Defendants—in particular the individual Guarantors— to avoid paying the significant debt owed to Itaú by hiding assets outside of the jurisdiction of Brazilian courts.  *Id.* ¶ 41.

### III.    Itaú's Petition Meets the Section 1782 Discretionary Factors for Relief

Given that the statutory elements for relief under Section 1782 plainly are met, this Court is free to grant the discovery sought in its discretion.  As set forth below, the discretionary factors set forth by the Supreme Court in *Intel* weigh in favor of granting this Petition.

#### A.    The Discovery Target Is Not a Participant in the Foreign Proceedings

First, the Discovery Target is not a party to the Foreign Proceedings, nor is there any expectation that it may be joined as a party in Brazil.  *See* Declaration ¶ 46.  In fact, it certainly will not be joined as a party by Itaú, and Itaú has no reason to believe that the Discovery Target would be subject to the Brazilian Court's jurisdiction in any event.  *Id*.  Thus, this factor weighs in favor of granting the Petition as the discovery sought may be unobtainable without the aid of Section 1782.  *Id*.; *see Intel*, 542 U.S. at 264 ("the need for [Section] 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.").  As the Supreme Court explained: "[a] foreign tribunal has jurisdiction over those

appearing before it, and can itself order them to produce evidence.  In contrast, nonparticipants in the Foreign Proceedings may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent [Section] 1782 aid."  *Id.* (internal citations omitted).

      **B.**      **The Brazilian Court's Receptiveness to Judicial Assistance**

The next discretionary factor also weighs in favor of granting the discovery sought.  As attested to by Itaú's Brazilian counsel representing it in the Foreign Proceedings, there is no indication that the Brazilian Court would not be receptive to the documentary and testimonial evidence sought in this Petition.  *See* Declaration ¶ 47; *see In re Eurasian Bank Joint Stock Co.*, No. 3:15-mc-106-L-BN, 2015 U.S. Dist. LEXIS 142866, at *7 (N.D. Tex. Oct. 21, 2015) ("In the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782, . . . the Court determines that the second factor does not weigh against an exercise of discretion in Eurasian's favor."); *Weber v. Finker*, No. 3:07-mc-27-J-32MCR, 2007 U.S. Dist. LEXIS 88142, at *1 (M.D. Fla. Nov. 30, 2007) (same).  To the contrary, Itaú has a duty to locate the Foreign Defendants' assets globally, and the Brazilian Court has issued orders to other jurisdictions to assist in that endeavor, indicating its welcoming of such discovery.  Declaration ¶¶ 8-9, 25, 40, 47.

Moreover, federal courts have granted Section 1782 discovery for use in foreign proceedings pending in Brazil.  *See*, *e.g.*, *In re Klein*, No. 20-mc-203 (PKC), 2022 U.S. Dist. LEXIS 89720, at *24 (S.D.N.Y. May 18, 2022) ("[O]n the second *Intel* factor, there is no dispute that the courts of Brazil are receptive to the assistance of the United States courts."); *In re Degens*, No. 20-mc-237 (JGK) (RWL), 2020 U.S. Dist. LEXIS 131536, at *11 (S.D.N.Y. July 24, 2020) ("There is no reason to believe the Brazilian Court would not be receptive to evidence gathered

under § 1782, and no Brazilian rule, policy, or law prohibits or discourages the Brazilian Court from considering such evidence"); *In re Atvos Agroindustrial Investimentos S.A.*, 481 F. Supp. 3d 166, 177 (S.D.N.Y. 2020) ("Applicant has made a showing that the Brazilian courts would be receptive to evidence obtained through the Application. Applicant's Brazilian counsel states that '[u]nder Brazilian law, the parties to a judicial proceeding are entitled to submit any kind of evidence to the court, as long as that evidence has not been improperly obtained.' Respondents have failed to provide authoritative proof to the contrary. Thus, the *Intel* second factor weighs in favor of granting the Application."); *In re Postalis for an Order to Take Discovery*, No. 18-mc-497 (JGK), 2018 U.S. Dist. LEXIS 215005, at *14 (S.D.N.Y. Dec. 20, 2018) ("The parties do not dispute that Brazilian courts are receptive to the assistance of United States federal courts.").

### C.     This Discovery Request Does Not Attempt to Circumvent Foreign Restrictions

Similarly, Itaú's Brazilian counsel has testified that the evidence sought in this Petition does not circumvent any proof-gathering restrictions under Brazilian law, and likely is admissible in the Foreign Proceedings.  *See* Declaration ¶ 47.

Moreover, to the extent that any of the documents requested of the Discovery Target are within the Foreign Defendants' reach (such as communications exchanged between the Discovery Target and Mr. Bittencourt), that does not stifle the reach of Section 1782.  "Even when the requested documents may be available in the foreign jurisdiction, there is no requirement to first seek discovery from the non-US tribunal or exhaust other options before applying to a district court for § 1782 discovery."  *Godfrey*, 2018 U.S. Dist. LEXIS 29794, at *29 (internal citation omitted); *see In re Clerici*, 481 F.3d at 1333 n.12 (noting that, in *Intel*, the Supreme Court held that Section 1782 does not impose a foreign-discoverability requirement and that "nothing in the text of [Section] 1782 limits a district court's production-order authority to materials that could be

discovered in the foreign jurisdiction if the materials were located there") (quoting *Intel*, 542 U.S. at 260); *In re Application of Mesa Power Group, LLC*, 878 F. Supp. 2d 1296, 1304 (S.D. Fla. 2012) (same).

Indeed, "[a]bsent a persuasive showing that a [S]ection 1782 applicant [] is actively seeking to circumvent the foreign tribunal's discovery methods and restrictions, . . . this factor does not counsel against [S]ection 1782 relief." *Mesa*, 878 F. Supp. 2d at 1305; *Rothe*, 2021 U.S. App. LEXIS 29174, at *4 (clearly erroneous to impose an "exhaustion" requirement on Section 1782 petitions).

### D.     The Discovery Requests Are Not Unduly Intrusive or Burdensome

Finally, the discovery sought in this Petition is not unduly intrusive or burdensome.  As seen in the proposed subpoena attached as Exhibit B, Itaú seeks documentary and testimonial information that is or should be readily available to the Discovery Target on a few discrete topics relevant to identifying and tracing the disposition of the assets in this District belonging to one of the Foreign Defendants, namely, the proceeds of the sale of Mr. Bittencourt's real estate property. *See* Declaration ¶ 48.  The documents sought are of the nature kept in the ordinary course of business of the Discovery Target and lend themselves to easy identification and production.  *Id.*

In sum, all of the *Intel* discretionary factors weigh in favor of grating the Petition.

## IV.    This Petition Should Be Granted *Ex Parte*

It is proper and in keeping with this District's regular course of practice for this Petition to be granted *ex parte*.  Indeed, Section 1782 petitions typically are presented and granted *ex parte* to allow the applicant to serve the discovery requests.  Once served with the subpoena, the discovery target can respond to the discovery, including raising any objections with this Court. *See In re Clerici*, 481 F.3d at 1329 (describing the procedural history of the court's granting of the

*ex parte* petition, the serving of request for deposition, and the deponent's motion in opposition to the deposition for the court's review); *In re Braga*, 272 F.R.D. 621, 625 (S.D. Fla. 2011) ("Rural's first argument, that the § 1782 Application and the order granting it *ex parte*, constituted an 'unexpected and unfair surprise,' is insufficient to support vacateur here. . . . most § 1782 applications (at least in this district) are filed and decided *ex parte*."); *In re Ex parte Petition by AG*, No. 21-mc-23671, 2021 U.S. Dist. LEXIS 217214, at *1 (S.D. Fla. Nov. 10, 2021) (order granting *ex parte* petition for judicial assistance pursuant to § 1782); *In re Novoship (UK) Ltd.*, No. 20-60876-MC, 2020 U.S. Dist. LEXIS 107257, at *1 (S.D. Fla. June 17, 2020) (same); *In re Fundo De Liquidação Financeira — Fundo De Investimento Em Direitos Creditórios Não Padronizado*, No. 8:21-mc-110-VMC-AAS, 2021 U.S. Dist. LEXIS 183013, at *1 (M.D. Fla. Sep. 23, 2021) (same); *In re Application of Piraeus Bank*, Case No. 20-mc-210 (RA), 2020 WL 2521322 (S.D.N.Y. May 18, 2020) (granting *ex parte* application brought by Greek financial institution seeking subpoenas of bank records in support of proceedings in London, finding *ex parte* that the mandatory and discretionary factors had been met and granting permission for subpoenas to be served).

## <u>CONCLUSION</u>

WHEREFORE, Itaú respectfully requests that this Court enter an order granting this Petition pursuant to 28 U.S.C. 1782; granting Itaú leave to serve the Discovery Target with a subpoena substantially similar to that attached as Exhibit B; reserving jurisdiction to grant Itaú leave to serve any additional subpoenas as may be necessary to obtain the evidence described in this Petition; and granting any other and further relief as the Court deems just and proper.

DATED:  May 31, 2022                      **REED SMITH LLP**

                                          By: */s/ Edward M. Mullins*
                                              Edward M. Mullins (FBN 863920)

Email:  emullins@reedsmith.com
Ana M. Barton (FBN 85721)
Email:  abarton@reedsmith,com
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Telephone:  +1 786 747 0200
Facsimile:  +1 786 747 0299

*Attorneys for Applicant Itaú Unibanco S/A*